**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**CASE NO.:**

RYAN GELLINEAU,

    Plaintiff,

vs.

STANLEY MIKE, individually and
in an official capacity as a police officer for
the City of Miami, and the CITY OF MIAMI,

    Defendants.
_____/

## **COMPLAINT**

    **COMES NOW**, the Plaintiff RYAN GELLINEAU, files this suit for damages against Defendants, STANLEY MIKE and the CITY OF MIAMI, and alleges:

1. At all times material Ryan Gellineau is and was a resident of Miami-Dade County, Florida.

2. At all times material, Stanley Mike is and was a police officer with the City of Miami, Miami-Dade County, Florida.

3. At all times material, Stanley Mike was acting under the color of law and by virtue of his position as a law enforcement officer with the City of Miami.

4. At all times material, City of Miami is and was a municipality in Miami-Dade County, State of Florida, and a political subdivision of the State of Florida that operates and maintains a law enforcement agency known as the City of Miami Police Department.

5. At all times material, the City of Miami is and was under a duty to operate its police

1

department and police activities in a lawful manner so as to preserve to its citizen the rights, privileges, and immunities that is guaranteed under the Constitution and laws of the United States and Florida.

6. This is an action for damages in excess of the Seventy Five Thousand dollars ($75,000) jurisdictional amount, exclusive of costs and attorney fees.

7. Jurisdiction exists over this action based upon a federal question pursuant to the United States Codes 42 U.S.C. §1983, 42 U.S.C. §1988, 28 U.S.C. §1331, and 28 U.S.C. §1343 and pursuant to the United States Constitution's Fourth Amendment, Ninth Amendment, and Fourteenth Amendment.

8. Jurisdiction also exists over this action pursuant to 28 U.S.C. §1367, in that all other state claims are so related to federal claims in the action within such original that they form part of the same case in controversy.

9. Venue is proper pursuant to 28 U.S.C. §1391.

10. On October 8, 2013 and February 25, 2016, Ryan Gellineau served his formal Notice of Claim pursuant to Florida Statutes §768.28 to Mayor Tomás Regalado of the City of Miami regarding this matter.

11. Ryan Gellineau has complied with all conditions precedent for the filing of this lawsuit.

## THE SUBJECT INCIDENT

12. The subject incident took place on June 2, 2013 in Miami, Florida.

13. Stanley Mike was working as a police officer with the City of Miami.

14. Stanley Mike unlawfully arrested and charged Ryan Gellineau for the felony charge of resisting an officer with violence/obstructing a police investigation.

15. According to Stanley Mike's sworn Complaint/Arrest Affidavit, the following occurred regarding the subject incident:

    i. City of Miami Police Officer Brutus was making an arrest at the subject incident location of Ryan Gellineau's girlfriend;

    ii. Ryan Gellineau charged at Officer Brutus;

    iii. Ryan Gellineau shouted at Officer Brutus that "You will not be arresting my girl friend (sic)";

    iv. Stanley Mike directed Ryan Gellineau to "Back away, you are interfering with a police investigation";

    v. Ryan Gellineau replied "Fuck you, you guys are not going to get away with this";

    vi. Ryan Gellineau continued towards Officer Brutus;

    vii. Stanley Mike grabbed Ryan Gellineau;

    viii. Ryan Gellineau pulled away from Stanley Mike;

    ix. Ryan Gellineau attempted to kick Stanley Mike;

    x. Ryan Gellineau attempted to kick the other police officers;

    xi. Stanley Mike and the other police officers proceeded to "redirect" Ryan Gellineau to the ground; and

    xii. Ryan Gellineau was arrested without further incident.

16. However, the facts as stated, written, and sworn to in Stanley Mike's Complaint/Arrest Affidavit are fabricated and materially false.

17. At the time of the subject incident, Ryan Gellineau was using his cellphone to video the subject incident, which shows the following true factual account of what occurred regarding the subject incident:

    i. Ryan Gellineau was taking a cellphone video his girlfriend who had already been handcuffed and was being escorted by a female police officer;

3

    ii.        Ryan Gellineau was on a public sidewalk about 15 feet away from his girlfriend and the female police officer;

    iii.       The female police officer was escorting the girlfriend away;

    iv.       Ryan Gellineau was to the right side and behind the female police officer and the girlfriend, with them walking in a direction away from Ryan Gellineau;

    v.        Ryan Gellineau asked the girlfriend, "Hey Gina, what are you getting locked up for?";

    vi.       A few seconds later, Stanley Mike yelled "hey";

    vii.      Ryan Gellineau turned around to see Stanley Mike approaching him;

    viii.     Stanley Mike walked toward Ryan Gellineau;

    ix.       Ryan Gellineau asked Stanley Mike "No, no, no, what's your badge number, sir?", and

    x.        Officer Mike violently punched and knocked down Ryan Gellineau.

18.    Ryan Gellineau's video of the subject incident with Stanley Mike clearly contradicts the fabricated and materially false facts as sworn to by Stanley Mike in his Complaint/Arrest Affidavit in the following manner:

    I.        The female police officer (believed to be Officer Brutus) was not conducting an investigation or making an arrest. The investigation and arrest had already occurred. The girlfriend had already been handcuffed and was being escorted away in handcuffs.

    II.       Ryan Gellineau never charged at or near the area where Officer Brutus or where any police officer was;

    III.      Ryan Gellineau never shouted at Officer Brutus or any officer that "You will not be arresting my girl friend (sic)";

    IV.      Stanley Mike never told or directed Ryan Gellineau to "Back away, you are interfering with a police investigation";

    V.       Ryan Gellineau was never interfering with a police investigation or an arrest of his girlfriend;

    VI.        Ryan Gellineau never replied "Fuck you, you guys are not going to get away with this";

    VII.       Ryan Gellineau never continued to walk towards Officer Brutus or any officer after being confronted by Stanley Mike;

    VIII.      Stanley Mike never attempted to grab Ryan Gellineau;

    IX.        Ryan Gellineau never pulled away from Stanly Mike's attempted grabbing;

    X.         Ryan Gellineau never attempted to kick Stanley Mike;

    XI.        Ryan Gellineau never attempted to kick any other police officers;

    XII.       Ryan Gellineau was not interfering with any police investigation;

    XIII.      Ryan Gellineau was not interfering with any arrest; and

    XIV.      Ryan Gellineau was not resisting any police officer.

19. Furthermore, after Stanley Mike violently punched and knocked down Ryan Gellineau, Stanley Mike continued to punch and kick Ryan Gellineau while he was on the ground, causing great bodily injury to Ryan Gellineau.

20. On June 2, 2013, Stanley Mike arrested and charged Ryan Gellineau with Resisting An Officer With Violence, a 3rd degree felony, in case F13-12886.

21. Stanley Mike transported Ryan Gellineau to the Miami-Dade County Jail, where he was processed and jailed.

22. As a result of the criminal charge against him, Ryan Gellineau had to hire a criminal defense attorney to represent him in the criminal case arising from the subject incident.

23. On July 2, 2013, the State Attorney reduced the charges to Resisting an Officer Without Violence, a 1st degree misdemeanor, and transferred the matter to case B13-28683.

24. On September 16, 2013, the Miami-Dade State Attorney's Office dismissed all criminal

charges against Ryan Gellineau arising from the subject incident after reviewing the subject video and comparing it with Officer Mike's fabricated and materially false sworn to Complaint/Arrest Affidavit.

## COUNT I
## FALSE ARREST AGAINST STANLEY MIKE

25. Ryan Gellineau reavers and realleges each and every allegations made in paragraphs 1 through 24 and all its subparts as if fully set forth herein.

26. Under the Fourth Amendment of the United States Constitution, a person has the right to be free from an unreasonable search and seizure, which includes an arrest.

27. Under federal law, it is clearly established law that an arrest made without probable cause violates the Fourth Amendment.

28. Under federal law, it is clearly established law that prohibits a police officer from making knowingly false statements in support of an arrest.

29. At the time material, these Constitutional rights were known to Stanley Mike.

30. On June 2, 2013, Stanley Mike unlawfully restrained, arrested, and detained Ryan Gellineau for the felony charge of Resisting An Officer With Violence.

31. Stanley Mike's restraint, arrest, and detention, and arrest of Ryan Gellineau was based upon facts that were knowingly falsified by Stanley Mike and were not based upon any requisite probable cause for the restrain, arrest, and detention of Ryan Gellineau.

32. Stanley Mike cannot rely on falsified facts to establish the requisite probable cause to arrest Ryan Gellineau.

33. Since Stanley Mike knowingly falsified his Complaint/Arrest Affidavit to establish the required probable cause to arrest Ryan Gellineau without probable cause, Stanley Mike

violated Ryan Gellineau's Constitutional rights.

34. Stanley Mike was acting under color of law as a police officer with the City of Miami.

35. Ryan Gellineau sues Stanley Mike in his individual capacity because he acted in bad faith, with a malicious purpose, and in a manner exhibiting wanton and willful disregard for Ryan Gellineau's Constitutional rights.

36. Alternatively, and to the extent that Stanley Mike did not act in bad faith, with a malicious purpose, or in a manner exhibiting wanton and willful disregard for Ryan Gellineau's Constitutional rights, Ryan Gellineau sues Stanley Mike in his official capacity as a police officer with the City of Miami.

37. As a direct and proximate cause of Stanley Mike's actions in the subject incident, Ryan Gellineau has sustained and will sustain in the future cognizable damages, including but not limited to, mental and physical pain, suffering, distress, and anguish, humiliation, impairment of reputation, and medical expenses.

**WHEREFORE**, Plaintiff Ryan Gellineau respectfully demands judgment against the Defendant Stanley Mike for compensatory and punitive damages in excess of $75,000, together with interest, costs, and such other and further relief as this Court may deem just and appropriate.

## COUNT II
## MALICIOUS PROSECUTION AGAINST STANLEY MIKE

38. Ryan Gellineau reavers and realleges each and every allegations made in paragraphs 1 through 24 and all its subparts as if fully set forth herein.

39. Under the Fourth Amendment of the United States Constitution, a person has the right to be free from an unreasonable search and seizure, which includes an arrest.

40. Under federal law, it is clearly established law that an arrest made without probable cause

violates the Fourth Amendment.

41. Under federal law, it is clearly established law that prohibits a police officer from making knowingly false statements in support of an arrest.

42. At the time material, these Constitutional rights were known to Stanley Mike.

43. On June 2, 2013, Stanley Mike unlawfully restrained, arrested, and detained Ryan Gellineau for the felony charge of Resisting An Officer With Violence.

44. Stanley Mike's restraint, arrest, and detention, and arrest of Ryan Gellineau was based upon facts that were knowingly falsified by Stanley Mike and were not based upon any requisite probable cause for the restrain, arrest, and detention of Ryan Gellineau.

45. Stanley Mike cannot rely on falsified facts to establish the requisite probable cause to arrest Ryan Gellineau.

46. Stanley Mike was acting under color of law as a police officer with the City of Miami.

47. An official criminal proceeding was commenced against Ryan Gellineau arising from the subject incident, for the felony charge of Resisting an Officer With Violence in case F13-12886 and later for the misdemeanor charge of Resisting an Officer With Violence in case B13-28683.

48. On September 16, 2013, Ryan Gellineau's criminal proceedings arising from the subject incident were resolved in Ryan Gellineau's favor when the Miami-Dade State Attorney's Office dismissed all criminal charges against Ryan Gellineau after reviewing the subject video and comparing it with Stanley Mike's falsely sworn to Complaint/Arrest Affidavit.

49. By instituting the above-described criminal proceeding, Stanley Mike acted willfully, maliciously, in bad faith, and in blatant disregard for Ryan Gellineau's Constitutional

rights.

50. Stanley Mike's commencement and continued prosecution of the criminal proceedings against Ryan Gellineau was malicious, shocking, egregious, and objectively unreasonable under the circumstances.

51. As a direct and proximate cause of Stanley Mike's actions in the subject incident, Ryan Gellineau has sustained and will sustain in the future cognizable damages, including but not limited to, mental and physical pain, suffering, distress, and anguish, humiliation, impairment of reputation, and medical expenses.

**WHEREFORE**, Plaintiff Ryan Gellineau respectfully demands judgment against the Defendant Stanley Mike for compensatory and punitive damages in excess of $75,000, together with interest, costs, and such other and further relief as this Court may deem just and appropriate.

## COUNT III
## EXCESSIVE USE OF FORCE AGAINST STANLEY MIKE

52. Ryan Gellineau reavers and realleges each and every allegations made in paragraphs 1 through 24 and all its subparts as if fully set forth herein.

53. Under the Fourth Amendment of the United States Constitution, a person has the right to be free from an unreasonable search and seizure, which includes an arrest.

54. Under federal law, it is clearly established law that an arrest made without probable cause violates the Fourth Amendment.

55. Under federal law, it is clearly established law that prohibits a police officer from making knowingly false statements in support of an arrest.

56. Under federal law, the protection under the Fourth Amendment provides for the right to be free from excessive force during the course of an arrest.

57. At the time material, these Constitutional rights were known to Stanley Mike.

58. On June 2, 2013, Stanley Mike unlawfully restrained, arrested, and detained Ryan Gellineau for the felony charge of Resisting An Officer With Violence.

59. Stanley Mike's restraint, arrest, and detention, and arrest of Ryan Gellineau was based upon facts that were knowingly falsified by Stanley Mike and were not based upon any requisite probable cause for the restrain, arrest, and detention of Ryan Gellineau.

60. Stanley Mike cannot rely on falsified facts to establish the requisite probable cause to arrest Ryan Gellineau.

61. Since Stanley Mike knowingly falsified his Complaint/Arrest Affidavit to establish the required probable cause to arrest Ryan Gellineau without probable cause, Stanley Mike violated Ryan Gellineau's Constitutional rights.

62. Stanley Mike was acting under color of law as a police officer with the City of Miami.

63. Stanley Mike, while acting under color of law in the course as a police officer with the City of Miami, exercised excessive and unreasonable force on Ryan Gellineau by striking, punching, beating, and kicking Ryan Gellineau without legal justification and then subjecting Ryan Gellineau to be arrested without probable cause.

64. Stanley Mike's actions deprived Ryan Gellineau of his Constitutional rights, including the right to, as a person, be free from an unreasonable seizure, and the right to be free from the use of excessive, unreasonable, and unjustified force.

65. Stanley Mike's actions were so outrageous as to shock the conscience.

66. As a direct and proximate result of the foregoing, Ryan Gellineau was subject to great physical and emotional pain, suffering, and humiliation, was deprived of his

Constitutional rights, and was otherwise damaged and injured.

**WHEREFORE**, Plaintiff Ryan Gellineau respectfully demands judgment against the Defendant Stanley Mike for compensatory and punitive damages in excess of $75,000, together with interest, costs, and such other and further relief as this Court may deem just and appropriate.

## COUNT IV
## BATTERY AGAINST STANLEY MIKE

67. Ryan Gellineau reavers and realleges each and every allegations made in paragraphs 1 through 24 and all its subparts as if fully set forth herein.

68. Stanley Mike intentionally effected a harmful or offensive touching of Ryan Gellineau by striking, punching, beating, and kicking Ryan Gellineau against his will, without his consent, and without legal justification.

69. Stanley Mike intentionally caused bodily harm to Ryan Gellineau by striking, punching, beating, and kicking Ryan Gellineau against his will, without his consent, and without legal justification.

70. The above-described acts by Stanley Mike were done intentionally, in bad faith, with a malicious purpose, and in a manner exhibiting wanton and willful disregard for Ryan Gellineau's rights.

71. Alternatively, and to the extent that Stanley Mike did not act in bad faith, with a malicious purpose, or in a manner exhibiting wanton and willful disregard for Ryan Gellineau's rights, Ryan Gellineau sues this Stanley Mike in his official capacity.

72. As a direct and proximate cause of Stanley Mike's actions in the subject incident, Ryan Gellineau has sustained and will sustain in the future cognizable damages, including but not limited to, mental and physical pain, suffering, distress, and anguish, humiliation,

11

impairment of reputation, and medical expenses.

**WHEREFORE**, Plaintiff Ryan Gellineau respectfully demands judgment against the Defendant Stanley Mike for compensatory and punitive damages in excess of $75,000, together with interest, costs, and such other and further relief as this Court may deem just and appropriate.

<u>**COUNT V**</u>
<u>**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**</u>
<u>**AGAINST STANLEY MIKE**</u>

73. Ryan Gellineau reavers and realleges each and every allegations made in paragraphs 1 through 24 and all its subparts as if fully set forth herein.

74. Stanley Mike's conduct was outrageous, without legal justification, beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized community.

75. Stanley Mike engaged in extreme and outrageous conduct.

76. Stanley Mike acted with the intent to cause severe emotional distress or with disregard of the high probably of causing severe emotional distress to Ryan Gellineau.

77. Stanley Mike's extreme and outrageous conduct was the legal cause of severe emotional distress to Ryan Gellineau.

78. The acts by Stanley Mike were done intentionally, in bad faith, with a malicious purpose, and in a manner exhibiting wanton and willful disregard for Ryan Gellineau's rights.

79. Alternatively, and to the extent that Stanley Mike did not act in bad faith, with a malicious purpose, or in a manner exhibiting wanton and willful disregard for Ryan Gellineau's rights, Ryan Gellineau sues this Stanley Mike in his official capacity.

80. As a direct and proximate cause of Stanley Mike's actions in the subject incident, Ryan Gellineau has sustained and will sustain Plaintiff suffered severe emotional distress as a

direct and proximate result of the above-described conduct, and was otherwise damaged and injured

**WHEREFORE**, Plaintiff Ryan Gellineau respectfully demands judgment against the Defendant Stanley Mike for compensatory and punitive damages in excess of $75,000, together with interest, costs, and such other and further relief as this Court may deem just and appropriate.

## COUNT VI
## FAILURE TO TRAIN OR SUPERVISE AGAINST THE CITY OF MIAMI

81. Ryan Gellineau reavers and realleges each and every allegations made in paragraphs 1 through 24 and all its subparts as if fully set forth herein.

82. City of Miami operates and maintains a law enforcement agency known as the City of Miami Police Department.

83. Under the Fourth Amendment of the United States Constitution, a person has the right to be free from an unreasonable search and seizure, which includes an arrest.

84. Under federal law, it is clearly established law that an arrest made without probable cause violates the Fourth Amendment.

85. Under federal law, it is clearly established law that prohibits a police officer from making knowingly false statements in support of an arrest.

86. Under federal law, the protection under the Fourth Amendment provides for the right to be free from excessive force during the course of an arrest.

87. At the time material, these Constitutional rights were known to the City of Miami.

88. On June 2, 2013, Stanley Mike unlawfully restrained, arrested, and detained Ryan Gellineau for the felony charge of Resisting An Officer With Violence.

89. Stanley Mike's restraint, arrest, and detention, and arrest of Ryan Gellineau was based

upon facts that were knowingly falsified by Stanley Mike and were not based upon any requisite probable cause for the restrain, arrest, and detention of Ryan Gellineau.

90. Stanley Mike cannot rely on falsified facts to establish the requisite probable cause to arrest Ryan Gellineau.

91. Since Stanley Mike knowingly falsified his Complaint/Arrest Affidavit to establish the required probable cause to arrest Ryan Gellineau without probable cause, Stanley Mike violated Ryan Gellineau's Constitutional rights.

92. Stanley Mike was acting under color of law as a police officer with the City of Miami.

93. Stanley Mike, while acting under color of law in the course as a police officer with the City of Miami, exercised excessive and unreasonable force on Ryan Gellineau by striking, punching, beating, and kicking Ryan Gellineau without legal justification and then subjecting Ryan Gellineau to be arrested without probable cause.

94. Stanley Mike's actions deprived Ryan Gellineau of his Constitutional rights, including the right to, as a person, be free from an unreasonable seizure, and the right to be free from the use of excessive, unreasonable, and unjustified force.

95. Stanley Mike's actions were so outrageous as to shock the conscience.

96. At all relevant times, the City of Miami failed to adequately and properly train or supervise its police officers, including Stanley Mike, in the policies, procedures, rights, and law regarding a civilian taking, capturing, or recording video of a police encounter.

97. At all relevant times, the City of Miami failed to adequately and properly train or supervise its police officers, including Stanley Mike, in the policies, procedures, rights, and law regarding an arrest without probable cause and the use of excessive force.

98. The City of Miami knew or should have known, based on prior complaints, claims, and grievances, that additional training or supervision of its police officers, including Stanley Mike, was needed to avoid unlawful acts by its police officers, such as unlawful arrests without probable cause and use of excessive force, against a civilian taking, capturing, or recording video of a police encounter.

99. The City of Miami has been put on notice that a pattern of the City of Miami police officers such as unlawful arrests without probable cause and use of excessive force, against a civilian taking, capturing, or recording video of a police encounter existed due to prior complaints, claims, and grievances but failed to provide adequate training and/or supervision.

100. The City of Miami has been put on notice that a pattern of the City of Miami police officers such as unlawful arrests without probable cause and use of excessive force existed due to prior complaints, claims, and grievances but failed to provide adequate training and/or supervision.

101. The City of Miami knew or should have known, based on prior incidents, that additional training or supervision of its police officers, including Stanley Mike, was needed to avoid unlawful arrests without probable cause and unlawful use of excessive force against a civilian taking, capturing, or recording video of a police encounter from likely recurring in the future.

102. The City of Miami knew or should have known, based on prior incidents, that additional training or supervision of its police officers, including Stanley Mike, was needed to avoid unlawful arrests without probable cause and unlawful use of excessive force.

103. The City of Miami's failure to train its police officers, including Stanley Mike, rises to a level of deliberate indifference to the rights of its citizens that such that the failure to train can constitute or be thought as a policy or custom of the City of Miami.

104. There was a likelihood that the City of Miami's failure to train or supervise its police officers, including Stanley Mike, would result in its police officers, including Stanley Mike, making the wrong decision.

105. The likelihood for the City of Miami police officers, including Stanley Mike, making an unlawful arrests without probable cause and use of excessive force against a civilian taking, capturing, or recording video of a police encounter is so high that the need for training and supervision is obvious.

106. The likelihood for the City of Miami police officers, including Stanley Mike, making an unlawful arrests without probable cause and use of excessive force.

107. Stanley Mike was not adequately trained or supervised by the City of Miami in the policies, procedures, rights, and law regarding a civilian taking, capturing, or recording video of a police encounter.

108. Stanley Mike was not adequately trained or supervised by the City of Miami in the policies, procedures, rights, and law regarding an arrest without probable cause and the use of excessive force.

109. The City of Miami deliberately made a choice not to provide such training and/or supervision or additional training and/or supervision to Stanley Mike in unlawful arrests without probable cause and unlawful use of excessive force against a civilian taking, capturing, or recording video of a police encounter.

110. The City of Miami deliberately made a choice not to provide such training and/or supervision or additional training and/or supervision to Stanley Mike in unlawful arrests without probable cause and unlawful use of excessive force.

111. As a direct and proximate result of the failure of the City of Miami the adequately train and supervise Stanley Mike, Stanley Mike violated Ryan Gellineau's Constitutional rights.

112. As a direct and proximate cause of City of Miami actions and inactions, Ryan Gellineau has sustained and will sustain in the future cognizable damages, including but not limited to, mental and physical pain, suffering, distress, and anguish, humiliation, impairment of reputation, and medical expenses.

**WHEREFORE**, Plaintiff Ryan Gellineau respectfully demands judgment against the Defendant City of Miami for compensatory damages in excess of $75,000, together with interest, costs, and such other and further relief as this Court may deem just and appropriate.

### DEMAND FOR TRIAL BY JURY

113. Plaintiff Ryan Gellineau demands a trial by jury of all issues triable.

DATED:  June 1, 2017

>Law Office of Herbert Kim, P.A.
>1395 N.W. 15th Street
>2nd Floor
>Miami, Florida 33125
>Tel:    305-803-2075
>Fax:    786-431-5440
>herbertkimlaw@msn.com
>Counsel for Plaintiff Ryan Gellineau
>
>By: **/s/ HERBERT KIM**
>HERBERT KIM
>Florida Bar Number 132209